UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER DUANE WHITE, | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-08-0520 |
| v. | : |
| | : (JUDGE VANASKIE) |
| TROY WILLIAMSON, | : |
| Respondent. | : |

M E M O R A N D U M

I.      Introduction.

On March 21, 2008, Walter Duane White, initiated this habeas corpus action pursuant to 28 U.S.C. § 2254 after receiving an incident report at FCI-Gilmer, West Virginia. (Dkt. Entry 1.) The Unit Disciplinary Committee ("UDC") found him guilty of the offense charge and imposed a sanction of loss of commissary privileges for thirty days. Although White did not lose any good conduct time as a result of this misconduct, his custody classification score was increased from medium to high. (Id.) White claims he was issued the disciplinary report in retaliation for his exercise of First Amendment rights to file grievances and lawsuits contesting issues related to his confinement. (Id.) Presently before the Court is White's motion for counsel. (Dkt. Entry 10.) White's motion is based on his pro se status, the asserted meritorious nature of his claims, and his inability to adequately investigate his case due to his indigent status. (Id.) For the following reasons, White's motion for appointment of counsel will

be denied without prejudice.

II.      Discussion.

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. See Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2).[1] Other factors a court must consider when making a decision regarding the appointment of counsel to represent a prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. Reese v. Fulcomer, 946 F.2d 247, 264-265 (3d Cir. 1991). The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery v. Pinchak, 294 F. 3d 492, 499 (3d Cir. 2002).

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254 or 2255 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such personal is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

In this case, appointment of counsel is not warranted at this time. White filed his request for counsel approximately six days after, and not before, filing his Traverse to the Response to his Petition for Habeas Corpus. He does not suggest in his motion for counsel, or in his Traverse, that he was unable to fully formulate or present legal arguments in response to Respondents' filing without the assistance of counsel or due to mental health issues. To the contrary, White's Traverse, like his other submissions, is well organized, clearly presented, and contains appropriate arguments complete with legal citations. The petition is presently ripe for review. Given the requisite liberal construction afforded pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with White's apparent ability to present an extensive well drafted petition and supplemental memoranda in support of his petition, the appointment of counsel at this time is not warranted. Petitioner's motion for appointment of counsel will therefore be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua</u> <u>sponte</u> or upon a motion properly filed by the Petitioner.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WALTER DUANE WHITE,                :
                                   :
            Petitioner,            :
                                   :   CIVIL NO. 3:CV-08-0520
       v.                          :
                                   :   (JUDGE VANASKIE)
TROY WILLIAMSON,                   :
                                   :
            Respondent.            :

O R D E R

AND NOW, this 8th day of May, 2008, for the reasons set forth in the foregoing memorandum, it is hereby ordered that White's Motion for Appointment of Counsel (Dkt. Entry 10) is DENIED WITHOUT PREJUDICE.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge